## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| YI-HUNG KUO and CHUN-CHIEH LIAO, | CIVIL CASE NO.: CV0249-19 |
| PLAINTIFFS, | |
| vs. | DECISION AND ORDER |
| DAVID J. RILLERA, JR., | (Plaintiff's Request to Enter Default Judgment and Defendant's Motion to Set Aside Entry of Default) |
| DEFENDANT. | |

### INTRODUCTION

This matter came before the Honorable Benjamin C. Sison Jr., on Plaintiffs Yi-Hung Kuo and Chun-Chieh Liao ("Plaintiffs") Request to Enter Default Judgment and David J Rillera Jr.'s ("Defendant") Motion to Set Aside Entry of Default entered by the Clerk of Court on June 25, 2019. Plaintiffs are represented by Michael J. Berman, Esq., and Defendant is represented by Charles H. McDonald II, Esq. Upon review of the written arguments submitted by the parties, the Defendant's Motion to Set Aside the Entry of Default in this Matter is hereby **GRANTED**. The Entry of Default, entered on the docket in this matter by the Clerk of Court on June 25, 2019, is hereby **VACATED**. Because the Court has set aside the Entry of Default, the Court finds the Plaintiff's Request for Default Judgment is **MOOT**.

### BACKGROUND

The Complaint in this matter was filed on March 12, 2019. Under the Complaint the Plaintiffs seek back rent and damages pursuant to a breach of a lease agreement between the parties.

CV0249-19 Kuo v Rillera
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

Page 1 of 6

The Summons and Complaint was served on the Defendant at his place of business on March 13, 2019 and again at his place of residence on April 22, 2019. On May 14, 2019, twenty-two (22) days after service of process on Defendant's Place of Residence, Plaintiffs filed a Request for Entry of Default. On June 25, 2019, an Entry of Default against Defendant was issued by the Clerk of Court. A Notice of Hearing on the Request for Entry of Default was scheduled before Magistrate Benjamin C. Sison Jr., on September 5, 2019. Defendant filed an answer to the Complaint on July 12, 2019. On September 4, 2019, Defendant filed a Motion to Set Aside the Entry of Default. At the hearing on September 5, 2019, the Court instructed Plaintiffs to file any opposition to Plaintiff's Motion by October 3, 2019 and for Defendant to file any reply by October 10, 2019. Oral arguments on the Motion was scheduled on October 24, 2019. On October 24, 2019, the Parties informed the judge that they were willing to waive oral argument and submit the matter on the pleadings.

The Defendant concedes he received the Summons and Complaint in this matter on March 13, 2019. However, the Defendant claims that he did meet with present counsel soon thereafter and after that meeting was under the mistaken belief that he had retained legal counsel who was tasked to timely file an answer to the Complaint. Defendant was later informed by his prospective counsel however that he did not officially retain his attorney until payment to the attorney was made. Defendant subsequently made payment to his attorney but only after the time for filing an answer to the complaint had expired.

**DISCUSSION**

The Defendant argues the entry of default in this matter should be set aside for good cause under Rule 55(c) of the Guam Rules of Civil Procedure because defaults are disfavored forms of remedy and deciding cases on their merits is preferred. See Def's Mot. Set Aside Entry Default (Sept. 4, 2019) and Def's Reply to Plaintiffs Opp. to Motion (Oct. 24 2019).

Rule 55(c) of the Guam Rules of Civil Procedure provides "[f]or good cause shown, the court may set aside an entry of default . . . ." Guam R. Civ. P. 55(c) (2014). The Supreme Court of Guam has held the same grounds are used to determine whether good cause exists to set aside an

entry of default or a default judgment. See Adams v. Duenas, 1998 Guam 15 ¶ 5. However, the "standard is less rigorous when examining a motion to set aside entry of default than for default judgments . . . ." Id. However, "default judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible." Id.

The Supreme Court adopted the Ninth Circuit Court of Appeals test for whether to set aside default judgments and by extension entries of default. See Midsea Industrial, Inc. v. HK Engineering, Ltd., 1998 Guam 14 ¶ 5 (citing Falk v. Allen, 739 F.2d 461 (9th Cir. 1984); see also, Adams, 1998 Guam 15 at ¶ 5. Courts should set aside an entry of default if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Adams, 1998 Guam 15 at ¶ 5. The three elements are applied "disjunctively rather than as a balancing test." Duenas v. Brady, 2008 Guam 27 ¶ 28. This means that if one of the three elements is present, then a denial of a motion to set aside is appropriate. See Midsea Indus., 1998 Guam 14 at ¶ 6 (citing Cassidy v. Tenorio, 856 F.2d 1412, 1415-16 (9th Cir. 1988)). Therefore, the Court will discuss each element separately below, keeping in mind the Supreme Court's pronouncement that the standards for setting aside an entry of default are less rigorous than for setting aside a default judgment.

i. **Whether the Defendant's culpable conduct led to the entry of default.**

Applying the culpable conduct element to a party's failure to answer a complaint, the Ninth Circuit has found a defendant's conduct is culpable in leading to the entry of default when the defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions Inc. v. Albright, 862 F.2d 1388, 1391-92 (9th Cir. 1988). A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).

CV0249-19 Kuo v Rillera                                                          Page 3 of 6
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

Here, no argument has been put forward that the Defendant's conduct intended to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. What appears to have occurred is that the Defendant received the Summons and Complaint in this matter and immediately met with his present counsel but was under the mistaken impression that after that meeting that he had successfully retained counsel who would assist him in this lawsuit. Thus, while the Court recognizes that the Defendant failed to timely answer the Complaint in this matter, the Court concludes that the entry of default was not a result of the Defendant's culpable conduct because the Defendant was active in addressing the claims under the Complaint by immediately seeking assistance of counsel upon receipt of the Complaint.

**Whether the Defendant has no meritorious defense.**

The Ninth Circuit has held, in order to "demonstrate the existence of a meritorious defense, a party must offer up more than mere conclusory assertions but must present specific facts that would constitute a defense if the litigation was permitted to proceed." TCI Group, 244 F.3d at 700 (internal citations omitted). The court "must determine whether there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default." Midsea Indus., 1998 Guam 14 ¶ 10. While the burden is on the party seeking to vacate the default, the burden "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible [sic] and litigation of the claims would not be a wholly empty exercise." Id. Put another way, "all that is necessary is to allege sufficient facts that if true, would constitute a defense; the question of whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather that question would be the subject of later litigation. Pacific Renewable Solutions, WL 1352063 at *4-5; see also, Schwab v. Bullocks, Inc., 508 F.2d 353, 374 (9th Cir. 1974) (reasoning the success of the defense is not the standard and rather, "[d]efendants' allegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense").

Here, the Complaint seeks relief in the form of rental arrearages and damages resulting from Plaintiffs claims of a breach of lease executed by the parties. In their Complaint Plaintiffs claim $7,550.00 for damages done to the premises, $1,600.00 for unpaid rent, and $2,000.00 for missing and damaged furniture. See Complaint ¶6,9. In his Motion to set aside the Entry of Default, Defendant claims that costs for repairs claimed by Plaintiffs are unreasonably high as he performed many of the needed repairs prior to moving out of the leased premises. Defendant also claims that the request for $2,000.00 for missing and damaged furniture is unwarranted because most used furniture that were in the premises at the time he moved in was removed because he had brought into the leased premises his own furniture. See Def Decl. In Support of Motion ¶3. For purposes of setting aside the Entry of Default, the Court finds the Defendant has sufficiently shown potential meritorious defenses that could achieve a result different from the potential default sought here. Thus, the Court finds the Defendant has satisfied the requirement of showing a meritorious defense.

### ii. Whether the Plaintiff would be prejudiced if the entry of default is set aside.

Finally, as to whether setting aside the default prejudices the Plaintiff, the Court notes prejudice is determined when the defaulting party moves to set aside. Midsea Indus., 1998 Guam 14 ¶ 14 (citing Cribb v. Matlock Communications, Inc., 768 P.2d 337, 340 (Mont. 1989)). Further the Plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations. Midsea Indus., 1998 Guam 14 ¶ 16. Similarly, the Defendant may not just "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." Id. For a delay to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . [b]eing forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." Pac. Renewable Energy Sols., 2013 WL 1352063 at *6 (citing TCI Group, 244 F.3d at 701) (internal quotations omitted). Prejudice also exists where the "non-defaulting party's ability to pursue the claim is hindered by substantial reliance on the judgment." Falk, 739 F.2d at 463.

Here, the Plaintiffs did not offer any argument that they would be prejudiced were this Court to set aside the Entry of Default. On the other hand, the Defendant informally engaged an attorney soon after service of process on him of the Complaint. The Defendant has appeared, with such attorney, before this Court entered judgment in favor of the Plaintiff by default. Thus, because no default judgment has been entered, the Court finds the Plaintiff will not be prejudiced by setting aside the Entry of Default. There has been no showing that the Plaintiff took any action in reliance on the Entry of Default. Further, the Defendant acted promptly to set aside the Entry of Default. Therefore the Court finds the prejudice to the Plaintiff element is no bar to this Court setting aside the Entry of Default in this matter.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Set Aside Entry of Default in this Matter. The Entry of Default, entered on the docket in this matter by the Clerk of Court on June 25, 2019, is hereby **VACATED**. Because the Court has set aside the entry of default, the Plaintiff's oral request for entry of Default Judgment is found to be **MOOT**.

SO ORDERED **NOVO 5 2019**

The Honorable Benjamin C. Sison Jr.,
Magistrate Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_Berman_
_McDonald_
Date: _11/5/19_ Time: _11 5 p_
_Joe Bamba_
Deputy Clerk, Superior Court of Guam

CV0249-19 Kuo v Rillera
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's